UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRSPIN RAMIREZ NAVARRO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondents. | No.  1:26-cv-04115-DAD-CSK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S OTHER PENDING MOTIONS<br><br>(Doc. Nos. 3, 9) |

On May 29, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On June 10, 2026, respondent filed its answer to the petition.  (Doc. No. 7.)  On June 25, 2026, petitioner filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 9.)  In light of the completion of briefing in this matter, and in the interests of judicial economy, the court hereby retains this matter and revokes the prior referral to the assigned magistrate judge pursuant to Local Rule 302(d).

In its answer, respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 7 at 2–4), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

1

Based upon a review of the briefing, the court finds the following facts.  In or about 1994, petitioner entered the United States without inspection.  (Doc. No. 1 at 5–6.)  On April 29, 2026, petitioner was detained by immigration authorities following an encounter with law enforcement. (Doc. No. 7-1 at 2.)

The court adopts its reasoning in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), in which the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who:  (1) have entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention.  Applying and adopting that reasoning here, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225. Respondent argues that petitioner should not be released because his detention resulted from an encounter with law enforcement but provides no authority that this circumstance, standing alone, permits continued detention absent some authorizing statute.  (Doc. No. 7 at 3.)  Respondent fails to identify any other statutory framework which would justify the continued detention of petitioner, notably failing to argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, the court incorporates its reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy here is petitioner's immediate release from custody because respondent has failed to provide authority for petitioner's detention.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner Crispin Ramirez-Navarro, A-File No. 221-059-560, from respondent's custody on the conditions, if any, he was subject to prior to his detention on April 29, 2026;

      b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion to appoint counsel (Doc. No. 3) and motion for a temporary restraining order (Doc. No. 9) are hereby DENIED as having been rendered moot in by this order granting his petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 29, 2026**          _Dale A. Drozd_____

                                    DALE A. DROZD
                                      UNITED STATES DISTRICT JUDGE